IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08 C 439 |
| ) | |
| LONG TERM DISABILITY PLAN FOR ) | Judge Castillo |
| EMPLOYEES OF MOLEX, INC., CIGNA ) | |
| GROUP INSURANCE and LIFE ) | Magistrate Judge Brown |
| INSURANCE COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| Defendants. ) | |

## INITIAL STATUS REPORT

The parties, by undersigned counsel, submit this report pursuant to the Court's order setting a status hearing for March 19, 2007 at 9:00 a.m.:

**I.   Nature of the Case**

   **A.   Attorneys of Record**

Plaintiff is represented by David A. Bryant of DALEY, DEBOFSKY & BRYANT. Defendants LONG TERM DISABILITY PLAN FOR EMPLOYEES OF MOLEX INCORPORATION ("Plan") and LIFE INSURANCE COMPANY OF NORTH AMERICA are represented by Daniel K. Ryan and Peter E. Pederson of HINSHAW & CULBERTSON LLP.

Defense counsel states that there is no legal entity known as CIGNA Group Insurance.

   **B.   Federal Jurisdiction**

The Court has jurisdiction under 29 U.S.C. §§1132(e)(1) and 1132(f), of the Employee Retirement Income Security Act of 1974 (ERISA), and 28 U.S.C. §1331 (federal question jurisdiction).

   **C.   Claims and Counterclaims**

**Plaintiff's Statement:**

This is a claim seeking payment of disability income benefit payments pursuant to a policy of group insurance insured by CIGNA and underwritten by LINA to provide Long Term Disability Insurance Benefits to employees of Molex under Policy No. LK0005801. [Exhibit A]. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).  Plaintiff, Thompson was actively employed full-time by Molex as a Credit Analyst until February 5, 1997, when she had to cease working due to severe neck and back pain resulting from multi-level disc disease and multiple spinal surgeries.  Thompson has not engaged in disqualifying substantial gainful activity since February 5, 1997.   Subsequent to ceasing employment, Thompson made a claim for long term disability benefits under the Plan, stating that she was disabled from work activity due to her condition since on or about February 5, 1997, and she received long term disability benefits after satisfying the Plan's 90-day elimination period (February 5, 1997 through May 6, 1997).   In a letter dated June 9, 2005, CIGNA terminated Thompson's benefits effective June 6, 2005.   After CIGNA refused to pay continuing benefits, Thompson submitted an appeal to CIGNA.   [Doc. 18, ¶ 22].   CIGNA issued determinations denying Plaintiff's appeals on January 5, 2006 and finally on September 21, 2006, and the case is now ripe for judicial review.  [Doc. 18, ¶ 2, 23].   Plaintiff claims that she continues to be disabled under the terms of the Plan and that Defendant erroneously terminated payment LTD benefits in violation of ERISA U.S.C. §§1132(e)(1) and 1132(f).

**Defendants' Statement**

Defendants at this time are not asserting a counterclaim.  Defendants deny all material allegations of the plaintiff's complaint and deny that plaintiff is eligible for payment of benefits under the Plan.

**D.     Legal and Factual Issues**

The parties disagree on the proper statement of the issues.

**Plaintiff's Statement:**

The principal issues of law and fact whether Plaintiff is "disabled" as defined by the Plan.

**Defendants' Statement** Defense counsel are in the process of locating all the documents that govern the Plan. The Plan documents are expected to contain a grant of discretionary authority, which would make this case subject to the deferential "arbitrary and capricious" standard of review. Under arbitrary and capricious review, the dispositive issue is whether LINA's decision, on behalf of the Plan, to terminate plaintiff's disability benefits was "downright unreasonable." Defendants contend that, even if the standard of review is *de novo*, the evidence still demonstrates that plaintiff does not meet the Plan's definition of disabled and she thus does not qualify for LTD benefits. Because this is an action for judicial review of a benefits determination under ERISA, discovery must be limited to the administrative record and the plan documents, whether the standard of judicial review is *de novo* or deferential.

**E.     Relief Sought**

Plaintiff seeks judgment in her favor and against Defendant and that the court order defendant to pay all benefits due since June 6, 2005 plus interest payable thereon at a rate of 9% pursuant to 215 ILCS 5/357.9 or 5/357.9a, that the court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); that the court order Defendants to continue paying Plaintiff benefits so long as she meets the policy terms and conditions for receipt of benefits; and award any and all relief to which Plaintiff is entitled, including her costs of suit.

**II.     Draft Scheduling Order**

**A.     Proposed Discovery Plan**

1. **Type of Discovery Needed**

The parties dispute what standard of review applies and what discovery is permitted. Plaintiff reserves the right to argue that the *de novo* standard of review applies. Defendants reserve the right to argue that the arbitrary and capricious standard of review applies.

2. **Date for Rule 26(a)(1) Disclosures**

The parties propose that Rule 26(a)(1) Disclosures be exchanged by April 15, 2008.

3. **Fact Discovery Completion Date**

The parties propose that all discovery, both written and oral, shall be completed by July 29, 2008   Defendants contend that discovery is limited to the administrative record and the Plan documents.

4. **Expert Discovery Completion Date**

The parties do not anticipate taking expert discovery.

5. **Final Pretrial Order Filing Date**

A final pretrial order may be filed on or before September 30, 2008.

C. Trial issues

1. **Jury Trial**

Jury trials are unavailable under ERISA. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998).

2. **Probable Length of Trial**

Plaintiff anticipates that trial will last no longer than four days.

3. **When Case Ready for Trial**

In the unlikely event that this case goes to trial, the Plaintiff anticipates that the parties would be ready for trial by October 2008.

4. **Summary Judgment**

Defendant expects the parties will file summary judgment motions on or before July 31, 2008.

III. **Consent to Proceed Before Magistrate Judge**

At this time, the parties do not consent to proceed before a Magistrate Judge.

IV. **Settlement Status**

A. **Whether Settlement Discussions Have Occurred**

None at this time

Dated: March 14, 2008

Respectfully submitted: Respectfully submitted:


 /s/ David A. Bryant  /s/ Peter E. Pederson

| | |
|---|---|
| Attorney for Plaintiff | Attorney for Defendants |
| David A. Bryant | Daniel Ryan /Peter E. Pederson |
| Daley, DeBofsky & Bryant | Hinshaw & Culbertson LLP |
| 55 West Monroe Street, Suite 2440 | 222 North LaSalle, Suite 300 |
| Chicago, Illinois 60603 | Chicago, Illinois 60601 |

### CERTIFICATE OF SERVICE

On May 14, 2008, the undersigned filed this document with the Court's CM/ECF system, which will make a copy of it available to all counsel of record.

 /s// Peter E. Pederson